## BENJAMIN WHEELER vs. CHRISTOPHER S. THOM AND ISAAC THOM.

In an action of assumpsit against two defendants, a count upon a promise made by the two only, may be joined with counts upon promises made by the two defendants and a third person deceased.

ASSUMPSIT. The three first counts were founded upon promises alleged to have been made by the defendants jointly with one *William S. Thom*, deceased. The fourth count was upon a promise alleged to have been made by the defendants alone. The defendants demurred to the declaration, and the plaintiff joined in demurrer.

*Thom* and *Mason*, for the defendants, contended, that the fourth count was of a nature not to be joined with the other counts in the declaration, and they cited 6 *D. & E.* 363, *Spalding et a. vs. Mure et a.*—6 *ditto* 611, *Gordon vs. Austin.*—6 *ditto* 347, *Jennings vs. Newman.*—6 *Mass. Rep.* 444, *Meagher vs. Batchelder et a.*—5 *ditto* 196.—3 *Es. Rep.* 76, *Chandler vs. Parkes et a.*—5 *ditto* 47, *Jaffray vs. Frebair et a.*

*Porter*, for the plaintiff.

RICHARDSON, C. J. If there is in this case a misjoinder of counts, the consequences for which the counsel of the defendants contend, must follow. The declaration must be adjudged insufficient even on a general demurrer. 1 *Hen. Black.* 108, *Rose vs. Bowler.*—2 *Bos. & Pull.* 424, *Brigdon vs. Parkes et a.*—4 *D. & E.* 347, *Jennings vs. Newman.*

But we have attentively examined this case without being able to conjecture any good reason, why the several counts n the declaration should not be joined. It has been said,

Wheeler
*vs.*
Thom et al.

that the defendants cannot plead the same plea to all these counts; that to the fourth count *they* must plead that they never promised, and to the three first counts, that they, with *W. S. Thom*, did not promise; and a remark of *Parsons*, C. J., in *Tappan vs. Bruen*,(1) is relied upon as an authority. It is undoubtedly true, that when two are sued upon a promise made by them and another, they may plead that they did not promise with the other; but we apprehend that it is equally true, that in such a case they may plead, that they never promised in manner and form, and that this plea will be of precisely the same import as a plea that they, with the other, did not promise.

(1) 5 Mass. Rep. 196.

*Chitty* says, that in an action against a survivor, a demand may be included, though it became due from him since the death of his partner.(2) And it is well settled, that when the survivor is sued for his own separate debt he may set off a demand due to him as surviving partner,(3) where the court say, "the defendant might have declared against "the plaintiff for this demand, and also for a sum due to "him separately, if any such had been due, and that, there- "fore, there was no reason why the set-off should not be "allowed." 6 *D. & E.* 582, *French vs. Andrade.*—1 *Barn. & Ald.* 29, *Richards et a. vs. Heather.*

(2) 1 Chitt. Pl. 37.— 2 ditto 47.

(3) 5 D. & E. 493, Slipper vs. Stidstone.

There does not seem to be, however, any case in the books in which this point has been directly decided; probably, because no doubt was ever before entertained on the subject. We are clearly of opinion, that the several counts in this declaration were correctly joined, and that the plaintiff is entitled to judgment.